IN THE MATTER OF: JANE DOE, PETITIONER

No. COA97-323

(Filed 3 June 1997)

1. **Abortion; Prenatal or Birth-Related Injuries and Offenses § 1 (NCI4th)— abortion—minor—denial of parental consent waiver—no right of appeal**

There is no appeal of right to the Court of Appeals from a superior court order refusing to grant a minor a waiver of parental consent to have an abortion; however, the minor may petition the Court of Appeals for a writ of certiorari to review the superior court order. N.C.G.S. § 90-21.8(h).

**Am Jur 2d, Abortion and Birth Control § 3.**

**Woman's right to have abortion without consent of, or against objections of, child's father. 62 ALR3d 1097.**

**Requisites and conditions of judicial consent to minor's abortion. 23 ALR4th 1061.**

2. **Abortion; Prenatal or Birth-Related Injuries and Offenses § 1 (NCI4th)— abortion—well-informed minor—right to waiver of parental consent**

In an action filed by the minor petitioner for a waiver of parental consent for an abortion, the evidence and the trial

**IN RE DOE**

[126 N.C. App. 401 (1997)]

court's findings of fact did not support its conclusion of law that the minor was not informed enough to elect to have an abortion where the trial court made forty-six findings supported by the evidence regarding the minor's maturity and the information she had gained about abortion and her other options with respect to her pregnancy, and not a single finding supports the trial court's conclusion that the minor is not well-informed enough to make the abortion decision on her own. N.C.G.S. § 90-21.8(e)(1). Therefore, the superior court erred by failing to order waiver of the parental consent requirement.

**Am Jur 2d, Abortion and Birth Control § 3.**

**Woman's right to have abortion without consent of, or against objections of, child's father. 62 ALR3d 1097.**

**Requisites and conditions of judicial consent to minor's abortion. 23 ALR4th 1061.**

3. **Abortion; Prenatal or Birth-Related Injuries and Offenses § 1 (NCI4th)— abortion—minor—waiver of parental consent—consideration of three prongs of statute**

Assuming, *arguendo*, that the trial court properly declined to waive the parental consent requirement for a minor to have an abortion pursuant to N.C.G.S. § 90-21.8(e)(1), the court committed prejudicial error by failing to determine whether it would be in the minor's best interests to waive parental consent pursuant to N.C.G.S. § 90-21.8(e)(2). The lower court must address all three prongs of N.C.G.S. § 90-21.8(e), and if one prong is met, the court must waive parental consent.

**Am Jur 2d, Abortion and Birth Control § 3.**

**Woman's right to have abortion without consent of, or against objections of, child's father. 62 ALR3d 1097.**

**Requisites and conditions of judicial consent to minor's abortion. 23 ALR4th 1061.**

Appeal by petitioner from Order entered in closed session of Guilford County Superior Court (High Point Division) on 13 March 1997. Decided in the Court of Appeals 21 March 1997.

*Donald E. Gillespie, Jr., and Deborah K. Ross, for minor petitioner.*

**IN RE DOE**

[126 N.C. App. 401 (1997)]

PER CURIAM.

On 17 March 1997, minor petitioner filed an appeal to this Court after her Petition for Waiver of Parental Consent for Minor's Abortion was denied upon an appeal for trial de novo in superior court. On 21 March 1997, this Court entered an abbreviated order reversing the superior court and ordering a waiver of the parental consent requirement. This memorandum opinion in support of the order is filed by the senior judges of this Court as an aid to the courts and attorneys participating in cases filed pursuant to N.C. Gen. Stat. § 90-21.6, *et seq.*(Cum. Supp. 1996).

In the case below, minor Jane Doe, pursuant to N.C. Gen. Stat. § 90-21.8, sought judicial waiver of the parental consent requirement of N.C. Gen. Stat. § 90-21.7 to have an abortion. In accordance with the statute, a hearing was held in district court. Waiver was denied. Doe appealed for a hearing de novo in superior court. The matter came on for hearing on 11 March 1997, and the superior court entered an order denying the petition for waiver on 13 March 1997.

The evidence and the findings show that the sixteen-year-old petitioner is mature; that she does well in school, participates in extracurricular activities, and has a part-time job; and that she has been informed about the procedures involved in an abortion and the consequences thereof, including the possibility of death, and has been informed about alternatives to abortion including raising the child herself or giving the child up for adoption. The court found, and the evidence shows, that the petitioner is a junior in high school and would ultimately like to attend a four-year college and perhaps law school thereafter. The court found that petitioner believes that she does not have the financial resources to pay for the birth and subsequent care of the child and that she is not ready, emotionally or financially, to care for a newborn child. Petitioner further believes that her parents, who are divorced, would not provide emotional or financial support during the pregnancy or subsequent birth of the child. Petitioner testified that her parents have previously indicated that they do not approve of and are opposed to abortion and that she believes that her parents, if informed, would not consent to an abortion. The court made findings consistent with petitioner's testimony and did not find that petitioner was lacking credibility. Despite these findings based on the evidence, the superior court concluded that the petitioner minor was not "well-informed enough" to make the abortion decision on her own. Doe appealed to this Court.

**[1]** We first address whether there is a right of direct appeal from a superior court judge's refusal to grant a parental waiver to have an abortion. We are convinced that no appeal of right lies to this Court from an order of the superior court entered pursuant to N.C. Gen. Stat. § 90-21.8(h) and that the exclusive appeal remedy, available as of right, is the appeal from the district court to the superior court. We reach this conclusion based on the plain language of the statute, the legislative history of House Bill 481, and our examination of relevant case law.

The pertinent part of the statute at issue provides:

(d) Court proceedings under this section shall be confidential and shall be given precedence over other pending matters necessary to ensure that the court may reach a decision promptly. In no case shall the court fail to rule within seven days of the time of filing the application. . . . At the hearing, the court shall hear evidence relating to the emotional development, maturity, intellect, and understanding of the minor; the nature, possible consequences, and alternatives to the abortion; and any other evidence that the court may find useful in determining whether the parental consent requirement shall be waived.

(e) The parental consent requirement shall be waived if the court finds:

(1) That the minor is mature and well-informed enough to make the abortion decision on her own; or

(2) That it would be in the minor's best interests that parental consent not be required; or

(3) That the minor is a victim of rape or of felonious incest under G.S. 14-178.

(f) The court shall make written findings of fact and conclusions of law supporting its decision . . . .

\* \* \* \*

(h) The minor may appeal an order issued in accordance with this section. *The appeal shall be a de novo hearing in superior court.* The notice of appeal shall be filed within 24 hours from the date of issuance of the district court order. The de novo hearing . . . shall be held as soon as possible within seven days of the filing of the notice of appeal. The record of the de novo hear-

ing is a confidential record and shall not be open for general public inspection. (Emphasis added.)

N.C. Gen. Stat. § 90-21.8.

The plain language of the statute provides for appeal to superior court and nothing more. The statutory language, "de novo," prescribes the standard of review on appeal in superior court. The statute simply does not provide for appeal to the appellate division.

We find support for this reading of the statute in the legislative history of House Bill 481. The original version of the bill provided for appellate review at the appellate division; however, that language was taken out before the bill was enacted. We can infer that the legislative intent was not to provide for direct appeal to the appellate division.

We also note that the "Rules for Appeal pursuant to N.C.G.S. 90-21.8(h)," adopted by the Chief Justice of the Supreme Court of North Carolina on 1 October 1995, do not mention an automatic right of appeal to the Court of Appeals. The Rules provide detailed instructions for the proceedings in district court and superior court. For review beyond superior court, Rule 9 provides: *"Appeal Transcript. In the event the minor should seek appellate review of the order of the Superior Court, the presiding judge shall immediately order that a transcript of the proceedings be prepared at State expense."* Rules For Appeal Pursuant To N.C. Gen. Stat. § 90-21.8(h). "Appellate review" is not synonymous with "automatic right of appeal." Appellate review can be established by means other than by right of appeal. In N.C. Gen. Stat. § 15A-1422(c)(3) (1988), for example, appellate review of the denial of certain motions for appropriate relief is by writ of certiorari.

In reviewing the case law, we find the United States Supreme Court has established that a state may require a minor to obtain the consent of a parent as a prerequisite to obtaining an abortion, provided there is an adequate judicial bypass mechanism. *Planned Parenthood of Southeastern Pennsylvania v. Casey*, 505 U.S. 833, 120 L. Ed. 2d 674 (1992). A judicial bypass mechanism, however, is unconstitutional if it unduly burdens the right of a woman to choose to terminate her pregnancy. *Bellotti v. Baird*, 443 U.S. 622, 61 L. Ed. 2d 797, *reh'g denied*, 444 U.S. 887, 62 L. Ed. 2d 121 (1979). An undue burden exists if the effect of a provision of the law places a

**IN RE DOE**

[126 N.C. App. 401 (1997)]

substantial obstacle in the path of a woman seeking an abortion before the fetus obtains viability. *Casey*, 505 U.S. 833, 120 L. Ed. 2d 674. A judicial alternative to parental consent for a minor's abortion "must assure that a resolution of the issue, and any appeals that may follow, will be completed with anonymity and sufficient expedition to provide an effective opportunity for an abortion to be obtained." *Bellotti*, 443 U.S. at 644, 61 L. Ed. 2d at 814. This assurance exists if N.C. Gen. Stat. § 90-21.8 is interpreted as establishing appeal to the superior court as the exclusive appeal available as of right.

Finally, we do not believe the general statutory provision providing for direct appeal to this Court, N.C. Gen. Stat. § 7A-27(b) (1995), is applicable here. As noted previously, the General Assembly struck language providing for appeal to this Court before ratifying House Bill 481. We read that action as manifesting an intent to preclude appeal under the provisions of § 7A-27(b).

Although no appeal of right lies to this Court, the minor may petition this Court for a writ of certiorari to review the superior court order. The Rules of Appellate Procedure provide procedures for a party seeking an extraordinary writ. N.C.R. App. P. 21, *et seq.* These procedures provide expeditious appellate review without unduly burdening the constitutional rights of the minor. A party seeking review of a denial of a waiver of parental consent must file its Petition for a Writ of Certiorari promptly with the Clerk of the Court of Appeals and must with that petition file the necessary documentation for a clear understanding of the issues to be raised before this Court. Copies of the record, transcript and final judgment are essential to an understanding of the matters set forth in the petition. N.C.R. App. P. 21(c). In addition, counsel, judges and clerks of the trial courts must continue to insure the statutorily required confidentiality. N.C. Gen. Stat. § 90-21.8(b).

Under our authority pursuant to Rule 2 of the Rules of Appellate Procedure, we treated the appeal in the present case as a Petition for a Writ of Certiorari. In the present case, petitioner provided this Court with all of the necessary information, including the transcript of the hearing in superior court. Having determined that her "appeal" was appropriately before us and having determined the procedure by which it and future cases will be handled, we now turn to the merits of petitioner's case.

[2] Our standard of review here is to examine the record and to determine if the evidence presented supports the lower court's find-

**IN RE DOE**

[126 N.C. App. 401 (1997)]

ings of fact. Once we determine that the evidence does support the court's findings of fact, we then look to see if the court's findings of fact support the conclusions of law. *Food Town Stores, Inc. v. City of Salisbury*, 300 N.C. 21, 265 S.E.2d 123 (1980); *Williams v. Pilot Life Ins. Co.*, 288 N.C. 338, 218 S.E.2d 368 (1975).

N.C. Gen. Stat. § 90-21.8 mandates that the parental consent requirement be waived if the court finds:

(1) That the minor is mature and well-informed enough to make the abortion decision on her own; or

(2) That it would be in the minor's best interests that parental consent not be required; or

(3) That the minor is a victim of rape or of felonious incest under G.S. 14-178.

After a lengthy hearing on the matter, the lower court made 46 detailed findings of fact regarding the minor's maturity and the information she had gained about abortion and her other options with respect to her pregnancy. All of the court's findings strongly support an overall finding that the minor was mature and very informed regarding her decision to have an abortion. Not a single finding supports the court's conclusion: "as a matter of law that the Petitioner is not 'well-informed enough,' pursuant to G.S. 90-21.8(e)(1), to make the abortion decision on her own." Our review of the record reveals no evidence which would support a finding that Doe was not informed enough.

We thus hold in the case below that the court's conclusion was not supported by the evidence or the findings of fact. We hold that the court's 46 findings are supported by the record, but that they absolutely fail to support the conclusion that minor Doe was not informed enough to elect to have an abortion. With no evidence or findings to support its conclusion, the trial court effectively substituted its decision for that of the minor. Such imposition of the court's own wishes is not allowed by the statute or by the case law. *See* N.C. Gen. Stat. § 90-21.8(e)(1); *Bellotti*, 443 U.S. 622, 61 L. Ed. 2d 797. It is not the role of the trial court to substitute its decision as to which of the options available to the pregnant minor should be chosen; instead, the court is to determine whether the minor is mature and informed enough to make the decision on her own. The evidence presented in this case and the findings made support only one con-

clusion: that Doe is mature and informed enough to make the abortion decision on her own. For this reason, we reversed the order of the superior court and ordered waiver of the parental consent requirement.

**[3]** We further note that the superior court failed to consider the second prong of N.C. Gen. Stat. § 90-21.8(e). Assuming, *arguendo*, that the court properly declined to waive the parental consent requirement pursuant to N.C. Gen. Stat. § 90-21.8(e)(1), the court would then be required to consider whether parental consent should be waived under (e)(2) or (e)(3). The lower courts must address all three prongs of N.C. Gen. Stat. § 90-21.8(e). If one prong is met, the statute mandates that the court waive parental consent. The failure of the superior court in this case to determine whether the parental consent requirement should be waived pursuant to N.C. Gen. Stat. § 90-21.8(e)(2) is prejudicial error.

We do not address petitioner's argument concerning the constitutionality of N.C. Gen. Stat. § 90-21.8 as that argument was not raised and considered in the superior court. *Midrex Corp. v. Lynch*, 50 N.C. App. 611, 274 S.E.2d 853, *appeal dismissed and disc. review denied*, 303 N.C. 181, 280 S.E.2d 453 (1981).

In summary, we hold that there is no right of direct appeal from denials of judicial waiver of parental consent. The minor may petition this Court for a writ of certiorari; such petitions shall be reviewed promptly by this Court under the standard procedures established for review of such petitions. Our standard of review will be to determine if the record supports the court's findings and if the findings support the conclusions of law. Where a court has denied a request for a judicial waiver of parental consent, we will review to determine whether the court properly considered all three prongs of the statute.

Panel consisting of:

Chief Judge ARNOLD, Judges EAGLES and COZORT.